UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BENAVIDES,<br><br>                      Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>                      Respondent. | Case No.: 21-cv-1186-BAS-RBM<br><br>**REPORT AND RECOMMENDATION RE: PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Doc. 3]** |

## I.    INTRODUCTION

Petitioner John Benavides ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1.) Petitioner contemporaneously filed a motion for stay and abeyance ("Motion"). (Doc. 3); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). Respondent W.L. Montgomery ("Respondent") filed a response in opposition on August 20, 2021. (Doc. 7.) Petitioner filed a reply on September 13, 2021. (Doc. 9.) The matter was referred to the undersigned judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c).

After a thorough review of the papers on file, the facts, and the applicable law, the

undersigned respectfully **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED** pursuant to *Rhines* and **GRANTED** pursuant to *Kelly*.

## II. BACKGROUND

### a. Conviction

On October 4, 2018, Petitioner pled guilty in San Diego Superior Court Case No. SCD272074 to robbery (Cal. Penal Code § 211), conspiracy to commit aggravated assault (Cal. Penal Code §§ 182 (a)(1)/245 (a)(4)), possession of cocaine for sale (Cal. Health & Safety Code § 11351), and attempted extortion (Cal. Penal Code §§ 664/520). (Doc. 8–3 at 12.) Petitioner also admitted the truth of attendant gang and firearm enhancement allegations, the out-on-bail allegation, and serious prior felony and prior strike allegations. (*Id.*) At the same time, Petitioner pled guilty in San Diego Superior Court Case No. SCS287783 to making criminal threats (Cal. Penal Code § 422) and admitted one serious felony prior conviction. (*Id.*) "In exchange for these two pleas, the prosecutor agreed to dismiss the balance of the charges in both cases but leave the sentencing to the discretion of the trial court." (*Id.*) On February 8, 2019, pursuant to the plea agreement, Petitioner was sentenced to twenty-eight years in state prison. (*Id.*)

### b. Direct Appeal

Petitioner appealed his 2018 convictions to the California Court of Appeal. (Doc. 1 at 2 (citing Cal. Ct. App. Case No. D075701); Doc. 8–2 at 1.) In 2020, the Court of Appeal affirmed the convictions. (Doc. 1 at 2; Doc. 8–5 at 1.) Petitioner then appealed his convictions to the California Supreme Court. (Doc. 1 at 2; Doc. 8–6 at 1 (Cal. Supreme Court Case No. S262083).) On June 24, 2020, the California Supreme Court denied review. (Doc. 1 at 2; Doc. 8–7 at 1.) Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1 at 3.)

### c. Collateral Review in State Court

It appears Petitioner has not yet commenced collateral review in state court.

/ / /

/ / /

      **d.**      **Federal Habeas Corpus Petition**

On June 28, 2021, Petitioner filed the instant Petition and named two grounds for relief. (Doc. 1 at 5, 7.) Ground one alleges Petitioner's *Romero* motion to remove a prior strike conviction for purposes of sentencing should have been granted. (Doc. 1 at 5); *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996). Ground two alleges Petitioner is "indigent [and] [u]nable [t]o [p]ay [a] $10,000 [r]estitution [o]rder." (Doc. 1 at 7.) These two grounds for relief were raised in the state court appeal. (Doc. 8–2 at 18–28.) Now, in the underlying Motion, Petitioner seeks a stay of his Petition because "[t]he [p]rocess [h]as [b]een [s]low" due to the pandemic, and Petitioner needs "[t]ime [t]o [e]xhaust 2 [o]f [his] 4 [c]laims." (Doc. 3; Doc. 9 at 1.) While the Petition itself does not identify the two other unexhausted claims for relief, Petitioner asserts claims for ineffective assistance of counsel and an "illegal enhancement" for the first time in his reply brief to the instant Motion. (*Compare* Doc. 1 *with* Doc. 9 at 1–2 (raising ineffective assistance of counsel and an "illegal enhancement" as additional grounds for habeas relief which were not raised in the state court appeal)).

### III.    <u>LEGAL STANDARD</u>

Before bringing a habeas corpus petition in federal court, habeas petitioners must first exhaust remedies in state court. 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003). To satisfy the exhaustion requirement, a state prisoner must "'fairly present' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

The exhaustion requirement is important because if a federal habeas petition contains both exhausted and unexhausted claims—which is known as a "mixed" petition—the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In addition to the exhaustion requirement, the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA") applies a one-year statute of limitations for bringing a habeas corpus petition in federal court and claims not exhausted and presented to the federal court within the one-year period are forfeited. *See* 28 U.S.C. § 2244(d). The Supreme Court noted that the interplay between AEDPA's one-year statute of limitations and the *Rose* dismissal requirement can effectively result in denying habeas petitioners the opportunity for collateral review in federal court when they fail to exhaust state remedies. *Rhines*, 544 U.S. at 275. Therefore, when presented with "mixed" petitions, the district court has discretion to implement a "stay-and-abeyance" procedure. *Id.* at 277–78. "Under this procedure . . . a district court [may] stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–276. In the Ninth Circuit, the district court also has discretion to stay and hold in abeyance *fully* unexhausted petitions. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (emphasis added). This is so because the Court found the difference between mixed and fully unexhausted petitions is not sufficiently meaningful to warrant different treatment. *Id.*

Whether it is a mixed petition or fully unexhausted petition, a *Rhines* stay and abeyance is only available in limited circumstances. *Rhines*, 544 U.S. at 277; *see also Mena*, 813 F.3d at 912. A stay and abeyance is only appropriate when the district court finds the following: (1) good cause exists for petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *see also Mena*, 813 F.3d at 910.

As an alternative to a *Rhines* stay, a petitioner may also be granted a stay under the "withdrawal and abeyance procedure" as outlined in *Kelly v. Small*. *See Kelly*, 315 F.3d at 1069–71; *see also King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). In order to use this procedure, a petitioner must voluntarily withdraw his unexhausted claims from the federal petition, ask the court to stay the proceedings and hold the fully exhausted federal

petition in abeyance while he returns to state court to exhaust his deleted claims, and then seek permission to amend his federal petition to include the newly exhausted claims to the original petition. *King*, 564 F.3d at 1135. The petitioner is allowed to amend his federal petition by adding back the newly exhausted claims only if the claims are timely under AEDPA or "relate back" to the exhausted claims in the pending federal petition. *King*, 564 F.3d at 1140–41 (a stay under *Kelly* does not toll AEDPA's limitations period with respect to unexhausted claims); *see also Mayle v. Felix*, 545 U.S. 644, 662–64 (2005). A new claim "relates back" to an existing claim if the two claims share a "common core of operative facts." *Mayle*, 545 U.S. at 664.

## IV.  DISCUSSION

A. <u>Construing Petitioner's Motion for Stay and Abeyance as a Request to Amend</u>

Petitioner's Motion requests a stay and abeyance while "[Petitioner] exhaust[s] [a] [c]ouple [o]f [o]ther [c]laims [t]hrough [t]he [s]tate [c]ourt." (Doc 3.) However, the additional claims Petitioner seeks to exhaust are not included in the Petition or described in his Motion. (*See* Docs. 1, 3.) Rather, Petitioner describes his new, unexhausted claims in his September 13, 2021 reply. (Doc. 9.) Therefore, the Petition is neither unexhausted nor mixed because the two claims listed in the Petition are fully exhausted, and the unexhausted claims Petitioner alleges are not included in the Petition itself. (*See* Doc 1.) However, district courts are required to liberally construe pro se filings, and the Court is inclined to interpret Petitioner's Motion as a request to amend his Petition to add the unexhausted claims. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe pro se litigants' filings, relieving them from "strict application of procedural rules and demands . . . .").

"A petitioner may amend a petition for writ of habeas corpus once 'as a matter of course,' and without leave of court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Federal Rules Governing Section 2254 Cases." *Cano v. Malfi*, No. CIV S-06-0558-LKK, 2010 WL 4880560, at *7 (E.D. Cal. Nov. 23, 2010) (quoting *Calderon*

*v. U.S. Dist. Ct. (Thomas),* 144 F.3d 618, 620 (9th Cir.1998)); *see also Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). "Under Rule 15(a), once a responsive pleading has been filed, a petitioner must seek leave of court before being allowed to amend." *Cano,* 2010 WL 4880560, at *7; FED. R. CIV. P. 15(a); *see also Anthony v. Cambra,* 236 F.3d 568, 577 (9th Cir.2000). "Although, under the rule, 'leave shall be freely given when justice so requires,' the district court may consider whether there is any evidence of 'undue delay, bad faith or dilatory motive' with respect to the filing of the amendment when determining whether leave should be granted." *Anthony,* 236 F.3d at 577.

In construing the Motion liberally as a request to amend the Petition, Petitioner constructively amended his Petition once as a matter of course. (Docs. 3, 7); *Cano,* 2010 WL 4880560, at *7. Moreover, in accordance with AEDPA, there is a one-year statute of limitations for bringing a habeas corpus petition in federal court and claims not exhausted and presented to the federal court within the one-year period are forfeited. *See* 28 U.S.C. § 2244(d). Petitioner's judgment became final for purposes of AEDPA on September 22, 2020, ninety days after the California Supreme Court denied his petition for review. *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999). Pursuant to section 2244(d), the statute of limitations for federal habeas corpus began to run on September 23, 2020, the day after the judgment became final. 28 U.S.C.A. § 2244(d)(1)(A); *see Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). Thus, the statute of limitations period would have expired on September 23, 2021. Petitioner filed his Motion on June 28, 2021, which is timely under AEDPA. (*See* Doc. 3); *see also* 28 U.S.C. § 2244(d). Moreover, Petitioner's reply brief, which lists his two unexhausted claims, was filed on September 13, 2021. (Doc. 9.)

While the two additional claims remain unexhausted, the Petition itself is timely as it was filed within the one-year statute of limitations period. Therefore, the Court finds Petitioner constructively amended his Petition once as a matter of right as of the

constructive filing date of his reply, which is within the statute of limitations period. The Motion for stay and abeyance of the Petition will be analyzed pursuant to the amendment.

### B. Stay under *Rhines*

Petitioner's Motion does not specify whether he seeks a stay under *Rhines* or *Kelly*. (Doc. 3.) However, as previously stated, a *Rhines* stay and abeyance is only available in limited circumstances. *Rhines*, 544 U.S. at 277; *see also Mena*, 813 F.3d at 912. Under *Rhines*, a district court only has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. *Rhines*, 544 U.S. at 276; *see Mena*, 813 F.3d at 912 (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*).

Reviewing the Petition in light of the above amendment, Petitioner states four grounds for which he claims he is being unlawfully held. (Docs. 1, 9.) Two grounds have been fully exhausted in state court, and two grounds remain unexhausted. (Docs. 1, 9.) Thus, Petitioner has presented a mixed petition, which is subject to a *Rhines* analysis. A stay and abeyance under *Rhines* is available when: (1) good cause exists for petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *see also Mena*, 813 F.3d at 910.

#### 1. Good Cause

"The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (internal citation omitted). While a "bald assertion" of facts "cannot amount to a showing of good cause," the good cause inquiry "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify a petitioner's failure to exhaust . . . ." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has instructed courts analyzing good cause to do so "in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten v.*

*Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)).

Here, the Court finds that Petitioner has not set forth a reasonable excuse, supported by sufficient evidence, to meet the good cause requirement for failure to exhaust. *See Blake*, 745 F.3d at 982. Petitioner first claims he would like to exhaust an ineffective assistance of counsel claim because his public defender during his state court proceedings was "[i]ncompetent." (Doc. 9 at 1–2.) This is insufficient to establish good cause. *Blake*, 745 F.3d at 982 (finding "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust"); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (finding that even though the plaintiff called his counsel "ineffective," the plaintiff has not argued that his counsel's performance "fell below an objective standard of reasonableness" or that "the deficient performance prejudiced" him).

Second, Petitioner presented an "illegal enhancement" claim in which Petitioner argues the gang and gun enhancements applied at his sentencing should not have been applied. (Doc. 9 at 2.) Even under a liberal construction, Petitioner does not specify the nature of those claims, and is not sufficient to satisfy the good cause requirement. *See Blake*, 745 F.3d at 982 (a bald assertion without any supportive evidence does not satisfy the good cause inquiry).

Moreover, in his Motion, Petitioner stated he would like to submit his unexhausted claims to state court "[i]mmediately." (Doc. 3.) Petitioner may have been under the false impression that he needed the Court's permission to return to state court to exhaust his additional claims. However, such mistake is inexcusable and insufficient to constitute good cause. *Avalos v. Sherman*, No. CV 17-7948-ODW-JPR, 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018) (stating "[i]gnorance of the law does not constitute 'good cause' for a *Rhines* stay"), *adopted by* No. CV 17-7948-ODW-JPR, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018). Simply put, "the commonplace circumstances of being a *pro se* petitioner with little education do not amount to good cause." *Hernandez v. California*, No. C 08-

4085 SI-PR, 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010); *see also Hamilton v. Clark*, No. CIV S-08-1008-EFB-P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) ("[i]gnorance of the law . . . [does] not constitute good cause for failure to exhaust") (internal citations omitted).

For the foregoing reasons, the Court finds that Petitioner has not demonstrated good cause for a stay under *Rhines*.

### 2. Other Rhines Factors

Because Petitioner has failed to show good cause for his failure to exhaust, the Court need not consider whether his claims are plainly meritless or whether Petitioner has engaged in abusive litigation tactics. *See Wooten*, 540 F.3d at 1023 (finding that "the district court did not abuse its discretion in concluding that [petitioner] did not have 'good cause' for failing to exhaust his cumulative error claim" and "[a]s a result, [the court] need not reach the other two factors in the *Rhines* test").

The Court therefore **RECOMMENDS** that Petitioner's Motion be **DENIED** pursuant to *Rhines*.

### C. Stay under Kelly

Because the Petition, as amended, is a mixed petition, a stay may be warranted under *Kelly*. While Petitioner does not specify that he seeks a stay under *Kelly*, such procedure "remains available after *Rhines*," and, dissimilar to *Rhines*, "its availability is not premised upon a showing of good cause." *King*, 564 at 1140. The *Kelly* procedure applies as follows:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

*King*, 564 F.3d at 1135. Because the Petition has been amended to include Petitioner's two unexhausted claims, and is now a mixed petition, the Petition may be stayed pursuant to *Kelly*, allowing Petitioner to withdraw his unexhausted claims. As noted by Respondent,

Petitioner may then amend his federal petition to add back newly exhausted claims only if the claims are timely under AEDPA's one-year statute of limitations or "relate back" to the exhausted claims in the pending federal petition. *Id.* at 1140–41; (Doc. 7 at 4.) Moreover, Respondent does not oppose a stay pursuant to *Kelly*. (*See* Doc. 7.)

The undersigned therefore **RECOMMENDS** that Petitioner's Motion be **GRANTED** pursuant to *Kelly*. Petitioner's federal habeas Petition should be held in abeyance to afford Petitioner an opportunity to exhaust his state judicial remedies with regard to his ineffective assistance of counsel claim.

## V. CONCLUSION

For the reasons given, **IT IS HEREBY RECOMMENDED** that the Honorable Cynthia Bashant issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Petitioner's Motion pursuant to *Rhines*, but **GRANTING** Petitioner's Motion pursuant to *Kelly*.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, under 28 U.S.C. § 636(b)(1), and Civil Local Rules 72.1(c) and HC.2 of the United States District Court for the Southern District of California. Any party may file written objections with the Court and serve a copy on all parties on or before **January 21, 2022**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **February 4, 2022**. The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: January 7, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE