UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BENAVIDES,<br><br>      Petitioner,<br><br> v.<br><br>W.L. MONTGOMERY,<br><br>      Respondent. | Case No. 21-cv-1186-BAS-RBM<br><br>**ORDER ADOPTING IN ITS ENTIRETY THE REPORT AND RECOMMENDATION ON PETITIONER'S REQUEST FOR STAY**<br><br>**[ECF No. 12]** |

  Petitioner John Benavides ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this habeas corpus proceeding by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("AEDPA") on June 28, 2021. (Pet., ECF No. 1.)  Petitioner contemporaneously moved for a stay and abeyance of this proceeding so that he might have additional time to exhaust in state court two of his four claims for relief.  (Mot., ECF No. 3.)  Crucially, however, the Petition filed with this Court contains only two claims for relief, which the record demonstrates Petitioner already has exhausted.  (*See* Notice of Lodgment, ECF No. 8.)  Respondent W.L. Montgomery ("Respondent") opposed Petitioner's Motion (Opp'n, ECF No. 7) and Petitioner replied

(Reply, ECF No. 9). In his Reply, Petitioner identified for the first time the two additional claims for relief for which he seeks a stay to exhaust. (*Id.*)

On January 7, 2022, the Honorable Ruth B. Montenegro, United States Magistrate Judge, issued a Report & Recommendation ("R&R"), which recommended that:

(1) the Motion be construed not only as a request for a stay and abeyance but also as a constructive amendment pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), adding the two unexhausted claims to the Petition;

(2) the Court deny the Motion to the extent Petitioner seeks a stay and abeyance pursuant to the procedure delineated in *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines*"); and

(3) the Court grant the Motion to the extent Petitioner seeks a stay and abeyance pursuant to the procedure delineated in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) ("*Kelly*"), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

(R&R, ECF No. 12.) Notably, the R&R recommended that a stay issue pursuant to *Kelly* even though doing so would leave pending in district court the unexhausted claims alleged in Petitioner's constructively amended Petition.

For the reasons stated below, the Court **ADOPTS IN ITS ENTIRETY** the R&R.

## I. BACKGROUND

### A. Guilty Plea and Sentencing

Petitioner is currently serving a 28-year sentence in state prison after pleading guilty in October 2018 to one count of robbery, one count of conspiracy to commit aggravated assault, one count of possession of cocaine for sale, one count of attempted extortion, and one count of making criminal threats. (*See* ECF No. 8-3 at 12.) Additionally, as part of that plea agreement, Petitioner admitted the truth of certain sentencing-enhancement allegations, including a prior strike allegation. (*Id.*) In exchange, the prosecutor dismissed the remaining nineteen counts with which Petitioner was charged. (*Id.*) The plea

agreement left to the discretion of the trial court the appropriate sentence to impose. (*Id.*) On February 8, 2019, the trial court sentenced petitioner to 28 years in state prison. (*Id.*)

### B. Direct Appeal

Petitioner appealed his sentence to the California Court of Appeal, arguing that the trial court had abused its discretion by (1) rejecting his *Romero* motion[1] and (2) imposing fines and assessments in an amount exceeding $20,000 without first determining whether Petitioner's indigency precluded him from satisfying such a penalty. (*Id.*) The California Court of Appeal rejected Petitioner's arguments and affirmed the trial court's sentence in 2020. (ECF No. 8-5.) Petitioner then appealed to the California Supreme Court, which denied review on June 24, 2020. (ECF No. 8-7.)

### C. Federal Habeas Corpus Petition

As mentioned above, Petitioner commenced this action on June 28, 2021 by filing the instant Petition. The Petition lists two grounds for relief. (Pet. at 7.) They are the same two grounds for relief Petitioner raised on direct appeal—that the trial court erred by denying his *Romero* motion and by imposing hefty assessments and fines despite Petitioner's indigence. (*Id.*) Thus, on its face, the Petition is not "mixed," *i.e.,* it does not contain both exhausted *and* unexhausted claims, but rather is *fully* exhausted.

### D. Motion for Stay and Abeyance

Contemporaneous to initiating this federal habeas corpus proceeding, Petitioner filed a Motion for a stay and abeyance of this matter, asserting he needs additional "[t]ime [t]o [e]xhaust 2 [o]f [his] 4 [c]laims" as "[t]he process [h]as [b]een slow" due to the pandemic. (Mot.) As mentioned above, the Petition contains only two exhausted claims. Thus, it is

---

[1] Under California state law, a criminal "defendant with two more prior 'strikes'—that is, certain felony convictions—who is convicted of a felony must be sentenced under" California's so-called three strikes law, Cal. Penal Code §§ 667(b)–(i) and 1170.12, "to no less than 25 years to life" and "cannot receive 'good time credits' to reduce his sentence below the mandatory minimum term of 25 years." *Brown v. Mayle*, 283 F.3d 1019, 1021 (9th Cir. 2002) (citing *In re* Cervera, 24 Cal.4th 1073, 103 Cal. Rptr.2d 762, 16 P.3d 176, 181 (2001)). Under *People v. Superior Court (Romero)*, 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996), a defendant may request that a judge use their discretion to "strike" a defendant's prior strikes for purposes of applying the three strikes law, if it would be "in furtherance of justice."

entirely unclear on the face of the Petition to what two additional unexhausted claims Petitioner refers. However, Petitioner's Reply clarifies that he seeks to assert in this proceeding two additional grounds for relief based upon (1) ineffective assistance of counsel and (2) "illegal enhancement." (Reply at 1–2.) On the record before the Court, it does not appear that Petitioner ever has raised those grounds for relief in state court and, thus, those grounds for relief are, in fact, unexhausted as Petitioner avers.

## II.  LEGAL STANDARD

### A.  District Court Review

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, *de novo* review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004).

### B.  Stay and Abeyance of "Mixed" Petitions

"[F]ederal courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims" as "the interests of comity

and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines*, 244 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)). The Supreme Court has stated that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with mixed petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Thus, when presented with a mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* "Under this procedure," known colloquially as a "*Rhines* stay," "a district court [may] stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76.

To invoke a *Rhines* stay, the petitioner must show as a preliminary matter that good cause exists for his failure to exhaust the unexhausted claims in state court. *Id.* at 277. A failure to show good cause in and of itself warrants denial of a *Rhines* stay. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) ("[T]he district court did not abuse its discretion in concluding that [petitioner] did not have 'good cause' for failing to exhaust his cumulative error claim" and "[a]s a result, [the court] need not reach the other . . . factors in the *Rhines* test."). However, where good cause is shown, courts will also look to whether the unexhausted claims have potential merit and whether there is any indication that the request for a stay is, in fact, and intentionally dilatory tactic. *See Rhines*, 544 U.S. at 278.

In the Ninth Circuit, a petitioner also may seek a stay under the "withdrawal and abeyance procedure" outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003); *see also King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Indeed, in *Kelly*, the Ninth Circuit promulgated a "three-step procedure for mixed petitions, allowing (1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner the opportunity

to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amend his federal petition to include newly-exhausted claims." *King*, 564 F.3d at 1138–39 (citing *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1988)). The Ninth Circuit has expressly held that a *Kelly* stay may issue even where the circumstances do not justify a *Rhines* stay. *Id.*

The Ninth Circuit has opined that there are two critical distinctions between a stay and abeyance pursuant to *Rhines* and a withdrawal and abeyance pursuant to *Kelly*. *See King*, 564 F.3d at 1136, 1139. First, a petitioner need not satisfy *Rhines*' "good cause" standard to obtain a *Kelly* stay. *Id.* at 1136. Second, whereas "*Rhines* allows a district court to stay a *mixed* petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court," "[i]n contrast . . . *Kelly* allows the stay of *fully exhausted* petitions, requiring that any unexhausted claims be dismissed." *Id.* at 1339 (citing *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)) (emphasis in original). In other words, unlike a stay pursuant to *Rhines*, a *Kelly* stay "[does] not require good cause but also [does] not leave the entire mixed petition pending in district court." *Id.* at 1136.

### III. ANALYSIS

The deadline to file an objection to the R&R has come and passed, yet neither Respondent nor Petitioner has filed objections or sought additional time to do so. Consequently, it would be appropriate for the Court to adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, this Court conducts a *de novo* review of the record and Judge Montenegro's findings and recommendations.

In doing so, the Court finds that Judge Montenegro accurately summarized the factual and procedural history of this matter. Moreover, the Court finds well-reasoned Judge Montenegro's recommendation to construe liberally the Motion as a constructive amendment to the Petition to add thereto the two unexhausted claims for relief Petitioner

identified in his Reply.² *See Watson v. Cale*, No. 01cv1780-AJB, 2011 WL 6202788, at *8 (S.D. Cal. Dec. 6, 2011) (holding that petition was constructively amended to include unexhausted claim referenced in petitioner's application for a *Rhines* stay, but not explicitly mentioned on the face of the petition). So, too, is the Court persuaded Judge Montenegro's recommendation to deny the Motion to the extent it seeks a *Rhines* stay rests upon solid legal foundation. As the R&R correctly observes, the record does not supply any information that would enable this Court to find Petitioner satisfies the "good cause" standard required for a *Rhines* stay. *See Wooten*, 540 F.3d at 1023 (holding failure to satisfy "good cause" standard fells a request for a *Rhines* stay).

However, while the Court agrees with Judge Montenegro's recommendation to grant a stay and abeyance pursuant to *Kelly*, it finds that such a stay may not issue with Petitioner's constructively amended Petition being the operative one. Ninth Circuit precedent is clear that district courts cannot retain jurisdiction of unexhausted claims in a petition while a petitioner pursues exhaustion of such claims during the pendency of a *Kelly* stay. *See King*, 564 F.3d at 1136, 1139 (citing *Jackson*, 425 F.3d at 661). Rather, a *Kelly* stay requires dismissal of pending unexhausted claims from the petition. *See McReary v. Spearman*, 18-cv-0789-CAB-BGS, 2018 WL 6567881, at *7 (S.D. Cal. Dec. 13, 2018). Put differently, *Kelly* authorizes a stay only of fully exhausted petitions. *See King*, 564 F.3d at 1140 ("*Rhines* applies to stays of *mixed* petitions, whereas the three-step procedure [of *Kelly*] applies to stays of *fully* exhausted petitions." (quoting *Jackson*, 425 F.3d at 661)).

While *Kelly* procedures ordinarily require a petitioner to voluntarily dismiss unexhausted claims from the petition himself by filing an amendment deleting the unexhausted claims, *see King*, 564 F.3d at 1135, the Court finds that, here, requiring Petitioner to file another amended petition deleting the unexhausted claims would be entirely unnecessary considering the original Petition on its face contains only exhausted

---

² The Court observes that had the R&R not made this threshold finding that the Motion constructively amended the Petition to include unexhausted claims, neither a *Rhines* stay nor *Kelly* stay would have been appropriate, for the Petition would have contained only *exhausted* claims.

claims. Thus, the Court construes Petitioner's original Petition (*see* ECF No. 1) as his Second Amended Petition, which, as mentioned below, is fully exhausted in accordance with *Kelly* procedures.

Accordingly, the Court **GRANTS** the Motion to the extent Petitioner seeks a stay pursuant to *Kelly*.

In so holding, the Court need not reach the question whether the unexhausted claims Petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment. The Court will address that question if, and when, Petitioner seeks leave to present his newly exhausted claims to the Court via an amended federal petition pursuant to the *Kelly* procedure. However, Petitioner is warned that if he cannot demonstrate that the newly exhausted claims are timely or relate back to the original exhausted claims, he will be unable to litigate them in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN ITS ENTIRETY** the R&R. (ECF No. 12.) Specifically, the original Petition is constructively amended to add all four claims identified in Petitioner's Reply. Petitioner's request for a stay and abeyance of his "mixed" amended Petition is **DENIED** pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and **GRANTED** pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1148–49 (9th Cir. 2007). Consequently, the Court construes the original Petition as Petitioner's Second Amended Petition, thereby releasing from the Court's jurisdiction the two unexhausted claims pending the *Kelly* stay.

The Court **ORDERS** the Clerk of Court to administratively close this case for the duration of the stay time.

**By no later than 30 days** of the California Supreme Court issuing an order resolving Petitioner's unexhausted claims, Petitioner shall file (1) a motion to lift the stay and (2) an amended writ of habeas corpus addressing the timeliness of his newly exhausted claims, together with a proposed amended petition.

**IT IS SO ORDERED.**

DATED: February 4, 2022

Hon. Cynthia Bashant
United States District Judge